IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MICHAEL DEVANE WHITFIELD,       )
AIS # 268498,                   )
                                )
          Plaintiff,            )
                                )
     v.                         )        CASE NO. 2:15-CV-867-MHT
                                )
CARTER DAVENPORT,               )
                                )
          Defendant.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by

Michael Devane Whitfield ("Whitfield"), an indigent inmate, in which he challenges the

constitutionality of conditions of confinement at the Easterling Correctional Facility.

Specifically, Whitfield alleges that the window in his cell was in a state of disrepair, he

was served cold or partially cooked food, and the water supply from an outside source

was contaminated.

Pursuant to the orders of this court, the defendant filed written reports supported

by relevant evidentiary materials, including affidavits, in which he addresses the claims

for relief presented by Whitfield.  The reports and evidentiary materials refute the self-

serving, conclusory allegations presented by Whitfield.  The defendant asserts and the

documented evidence indicates that the conditions about which Whitfield complains did

not deprive him of "the minimal civilized measure of life's necessities" so as to establish

a violation of his constitutional rights.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Moreover, the defendant argues that none of Whitfield's claims present a severe or

extreme condition that posed an unreasonable risk of serious damage to his health or

safety, and Whitfield has not alleged that he suffered requisite harm as a result of the

challenged conditions.  *See Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004)

(holding that a prisoner must prove that the prison condition he complains of is

sufficiently serious and "extreme" to violate the Eighth Amendment).

In light of the foregoing, the court issued an order directing Whitfield to file a

response to the defendant's written reports.  *Order of February 9, 2016 - Doc. No. 13*.

The order advised Whitfield that his failure to respond to the reports would be treated by

the court "**as an abandonment of the claims set forth in the complaint and as a**

**failure to prosecute this action**."  *Id*. at 1 (emphasis in original).  Additionally, the order

"**specifically cautioned [the plaintiff] that [his failure] to file a response in**

**compliance with the directives of this order**" would result in the dismissal of this civil

action.  *Id*.  The time allotted Whitfield for filing a response in compliance with the

directives of this order expired on February 29, 2016.  *Id*.  As of the present date,

Whitfield has failed to file a requisite response in opposition to the defendant's written

reports.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than

dismissal is appropriate.  After such review, it is clear that dismissal of this case is the

proper course of action at this time.  Whitfield is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Whitfield's inaction in the face of the defendant's reports and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the undisputed evidentiary materials submitted by the defendant indicate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Whitfield's compliance would be unavailing.  Consequently, the court concludes that Whitfield's abandonment of his claims and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for his failure to comply with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

It is further

ORDERED that **on or before April 11, 2016** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of March, 2016.


    /s/   Wallace Capel, Jr.
    UNITED STATES MAGISTRATE JUDGE